Mr. Chief Justice, and may it please the Court, in Gilbert, one of its earliest decisions, the newly created Veterans Court recognized both the importance of the Benefit of the Doubt Principle and the difference between reviewing findings of fact for clear error and reviewing VA's application of the Approximate Balance Standard of Proof as a matter of fact. It was a matter of law, but the Veterans Court soon strayed from that understanding, and by 2001, the Court had declared that the agency's Approximate Balance Assessment can be reviewed only under the Deferential Clear Error Standard of 7261A.4. Congress responded by changing the statute. It directed the Veterans Court to take due account of the Secretary's application of Section 5107B, the Benefit of the Doubt Statute, and that new statutory command, unique in administrative review, directed to a specialized Article I Tribunal, reviewing a uniquely proclaimant agency process, must be given effect. Petitioners have provided an account of Section 7261B1's plain text that gives effect to all parts of the statute and allows for the meaningful and independent judicial scrutiny that Congress intended. Yet the government insists that the statute not only requires nothing that wasn't already required by Section A before 2002, but also requires the one thing we know Congress didn't want. Under its view, the Veterans Court does not even look at the agency's Benefit of the Doubt rulings, so long as no factual finding specifically challenged by the veteran is infected with clear error. That is also what the Veterans Court and the Federal Circuit held in these cases. Their decisions render Congress's statutory amendment entirely superfluous. They mean that a uniquely generous standard of proof is reviewed in a uniquely ungenerous way. And if upheld, they will allow the agency's noncompliance with its statutory mandate to continue unchecked. I welcome the Court's questions. Would you spend a minute or so explaining how your approach would work in comparison to the government's approach? Certainly, Your Honor. So our view of the statute starts with the text. So the text is, in making the determinations under subsection A, what are the determinations that the Veterans Court makes under subsection A? It is looking at the particular aspects of the agency's order that are challenged on appeal. So deciding whether to affirm, reverse, or vacate those decisions. That's the determinations under subsection A. In making those determinations, just like the Veterans Court, if it's otherwise inclined to reverse or vacate, under B-2, it has to do a check to make sure that any error was in fact prejudicial. Under B-1, if it's otherwise inclined to affirm, it nonetheless has to do a check and make sure that the decisions that it is about to affirm complied with section 5107B. That is the benefit of the doubt statute. And the benefit of the doubt statute, in turn, has two mandatory requirements. It requires VA to consider all medical and lay evidence and information relevant to the issue. And then it requires, if there is an approximate balance of positive and negative evidence on any issue, that the Veteran receives the benefit of the doubt. So our view is... Go ahead. Thank you, Your Honor. Our view is that this is something the Veterans Court has to do in every case, that it is not bound by party presentation, and that it is a non-deferential review. But it's a pretty unusual law, right? It says that the administration shall take account of, take due account of. It doesn't seem that they're changing the legal standard at all. It just says, sort of, be more careful. And to take from that instruction some change in the legal standard of review, I think, is quite a leap. So we don't think that it was changing what the standard of review should have been. That's clear, for example, as to any aspect of the Secretary's application of section 5107B that presents a legal question. The government agrees with us that there are at least some of those. As to this approximate balance piece, our view is that the Veterans Court, as it recognized in its Gilbert decision, was supposed to be reviewing that as a matter of law all along. It wasn't doing that. It was doing this narrow, clear error review. And so Congress came back and, you know, it thought about, well, should we just change the standard of review for factual issues? No. Why not? Because that wouldn't fix the problem. Instead, they took this more direct approach. It is unique, Your Honor. This is a unique court reviewing, you know, one uniquely proclaimant system. So it makes sense that Congress would do something sort of sui generis here. Can you be a little bit more specific when you say it was supposed to be the court, the Veterans Court, was supposed to be doing that all along? What exactly is the that? So the that, I think it's most helpful if we look at Section 5107, and that is at AB 93A. So, again, Section 5107B has these two requirements. It obligates the agency to consider all information and lay a medical evidence of record, and when there is an approximate balance of positive and negative evidence on any material issue, the Secretary shall give the benefit of the doubt to the claimant. Our view is that before 2002, under subsection A of Section 7261, if a veteran presented an argument that the Secretary had not complied with this statute, the Veterans Court was supposed to be doing that. It was. As to this particular category of Section 5107B errors that is about the review of was the evidence actually in approximate balance, the Veterans Court was only looking at whether there had been a clear error of fact and not whether having assessed the credibility of the evidence, the persuasiveness of any piece of evidence, and sort of put those on the evidentiary scales, whether the Veterans Court had correctly judged if there was an approximate balance. And you say no deference should be given to the Veterans, to the administration, to the agency when making that determination. That's correct. That is a question about whether it's a legal conclusion about the state of the evidentiary record. Was it sufficient to meet the applicable standard of proof? Here you have this kind of unique standard of proof, approximate balance, but like other standards of proof, the court should be reviewing it de novo. Wouldn't you expect that Congress, if they thought that the standard of review was wrong, instead of saying take due account, would have said review de novo? That might have been a clearer way to indicate this, but I think what is clear is that Congress put this in an entirely new separate provision. They didn't simply adjust the standard of review for facts. We think that's right because this isn't a factual question. And what they did was they took a part of the statute that was already there. B-2 had already said take due account of the rule of prejudicial error. Well, how could this not be a factual question? I mean, I could understand it if you were looking at a decision by the secretary or the board where they completely ignored the benefit of the doubt rule or where they gave the benefit of the doubt to the wrong party. Then I can see you're saying, well, look, they made a legal error and that's subject to de novo review. But assume that they do that. Assume that they just say, you know, we don't see that this case is an equipoise, so we're not giving the benefit of the doubt to the claimant. And then the court takes another look at it. I would think that what the court is doing is to evaluate how the board has evaluated evidence, weighed evidence, contrasted one party's evidence with another party's evidence, decided which is the more credible. All of that sounds like typical factual issues and factual determinations. Well, there are certainly factual determinations underlying it. And we agree that the board's assessment of credibility or persuasive value or probative value to any given piece of evidence should be reviewed deferentially just like it is in other sufficiency of the evidence challenges. But the ultimate question, that contrast between the parties' evidence, that question is traditionally reviewed as a question of law, and we think the same would apply here. And I can give Your Honor an example of when there might be, for example, no clear error, but nonetheless a legal error in applying the approximate balance standard. And this is a simplified example, but if the agency has before it two medical opinions, let's say the question is, is the veteran's disabling pain linked to a gunshot wound that he received in service? There is one medical opinion that says it is, one medical opinion that says it's not. The agency says both of these are credible and probative, but nonetheless we're going to go with the opinion that says no nexus. That wouldn't meet the clear error standard of review, right, because under clear error, if there's two permissible views of the evidence, it can't be a clear error. But it would be, in our view, a violation of the approximate balance standard of proof. You have two competing opinions that the agency has credited. You think that stands in approximate balance, and that's the kind of question. I'm sorry. No, I don't understand that at all, because if the administration said the evidence is completely in equipoise, then they would have to find in favor of whichever party did not have the burden of proof on that question. And sure, it would be a legal error if one party has the obligation to prove a fact by that fact, whether there's a linkage by preponderance of the evidence. If the court or the administration doesn't heed where the burden of proof has been allocated, then yes, that's legal error. But if they find that they say that a particular burden of proof has been satisfied or has not been satisfied on a question of fact, and then there's an appeal, the appellate court determines whether it was clear error to apply the applicable burden of proof in the way that is necessary in that situation. So I don't see any incompatibility. If we view the benefit of the doubt rule as equivalent to the allocation of the burden of proof on a certain issue, I don't see any incompatibility between that and ultimate clear error review. So I think the example I gave is an instance in which the veterans court would find no clear error because there is a plausible basis for finding a lack of nexus if you have one credible medical opinion in the record that says that. But there's nonetheless a failure to apply the approximate balance standard of proof. No, I think it would be a mistake. It would be a legal error if they said we're disregarding the fact that the claimant was entitled to the benefit of the doubt in the proceeding before the administration. That would be a mistake in applying the applicable law. But if they apply the applicable law, then what is the problem with reviewing the finding under the clear error standard? Do you agree that that would be appropriate? I think that the finding is reviewed for clear error, but the application of the standard of proof is reviewed de novo. This is how sufficiency of the evidence works. An example would be a judge reviewing a motion for judgment as a matter of law. There's a measure of deference in there to things like credibility and persuasion. In the JMAL context, it's built in through inferences. Here it would be based on the explanation that the agency has given about its credibility judgments and persuasive judgments, which the agency is required to provide in its opinion under the reasons and basis requirement. But the ultimate question, just like in JMAL, was the evidence sufficient to meet that standard of proof, whether it's preponderance or clear and convincing in the civil context? Here it's approximate balance. Was the evidence sufficient? Did the veteran present sufficient evidence to get into that approximate balance, or was the agency instead correct to find itself persuaded against the veteran? Counsel, it's very rare, and I think Justice Alito is right. If the agency simply says both sides are credible, I'm going to pick B and stops there, that's a legal error. Because the rule says you have to give the benefit of the doubt to the plaintiff, and if they say everything's equal, they've committed legal error because it's an equipoise. What actually happens, however, is that the AIJ does a whole set of credibility determinations to support the conclusion of why they're going to believe one side or another. They're going to look at the expert they believe and say, that expert had more information. That expert was more precise about A, B, and C. The other expert didn't know this fact. I think that's, in fact, what happened in one of these cases. And they give a whole set of reasons as to why they're disbelieving one expert or not accepting one expert over the other. So let's get to that point. That, to me, is a mixed question of law and fact. I think you could look at it as a mixed question of law and fact. We think that the sufficiency of evidence standards are more of a helpful analog, but if you look at it under the mixed question test, this is surely a predominantly legal question that would be reviewed non-deferentially. So that's done in almost, in so few areas of law, most of them constitutional. Like, is there a probable cause? I don't know of any other area of civil law where we view mixed questions of law and fact as predominantly legal. And I would say this is a unique area of law, right? It has a uniquely generous standard that is unlike anything else that applies in civil litigation. So having a unique standard of review... But we go back to Justice Kavanaugh's question, which is, due account seems to me not to include a standard of review. They knew how to say it's a matter of law or it's a matter of fact, and what standard of review applied, and they didn't use those words. But they didn't use clear error either, and they didn't put it under A4, which is the standard of review for facts. I think that's a clear recognition that this is not a factual question, or at least not purely a factual question. But there are components that are factual and components that are legal, and they take due consideration of the standard of review that applies to each. But just because something involves facts doesn't mean that the ultimate question is a question of fact. There are many tests, I think, in the intellectual property context. We have something like obviousness in patent law or fair use in copyright law. Those tests are both based on subsidiary factual findings that are reviewed deferentially. The ultimate conclusion is reviewed as a matter of law. So I don't think this is so unusual. Can I ask you just about the scope of your argument for a moment? You say that the Veterans Court must consider the sua sponte in every case, but both of your clients did raise the benefit of the doubt argument, so why should we even reach that question? For a couple reasons, Your Honor. First, because it matters to address the one presented language in order to actually give effect to Congress' text and not make it duplicative of what's already required under subsection A. But I would say also that it matters concretely to these petitioners. I think the clearest example is the fact that Mr. Thornton had two claims that the agency resolved against him. One was his rating for PTSD, as to which he did raise the benefit of the doubt argument to the Veterans Court. The other was his rating for his undiagnosed illness, as to which he did not specifically raise the benefit of the doubt error to the Veterans Court under our view. Because he raised other challenges to that rating denial, the Veterans Court would have to look at, have to perform its B-1 review as to that claim as well. Well, I do have one quick question about Mr. Thornton. Since he did receive benefits, I just don't understand exactly what he stands to gain. Because of his unemployability, wasn't he given complete disability? So what further relief could he get if he wins before us? Yes, Your Honor. So his total disability based on individual unemployability, because of his age, it's not a permanent benefit. He is subject to continual review on that. So even though he is receiving benefits at the 100 percent level right now, that could change in the future. So the rating for his individual conditions is important. He also may be in a situation where he would be entitled to special monthly compensation, which goes above the 100 percent level. Thank you. I'd like to follow up on Justice Barrett's question, Ms. Bostick. The party presentation question wasn't really squarely addressed in either of the lower court opinions. And I wonder whether we should, as a court of review, rather than first view, give him the chance to tackle that first. And just address the question of when it is presented, must it be interpreted the way you propose? What do you think of that? So respectfully, Your Honor, I disagree. I do think the Federal Circuit resolved this question. I know that. But would you object to a partial win rather than a complete win, counsel? I'm certainly not going to object, Your Honor. But I would point the court to Pet App 9A in the Bufkin opinion, where it relies on the win presented language to say that And I understand there's language in some of the Federal Circuit opinions suggest that they do a review, sorry, B2 review. That is, the prejudicial error review, even when it isn't presented, which is a little odd. And I understand that you want your provision interpreted in pari materia with that. But I just wonder whether, as a first bite, we should just tackle the narrow question that is squarely presented. It would certainly be helpful for the court to address any of these questions. We do think that the win presented piece is an important part of giving the statute effect. But if the court wanted to leave that for the Federal Circuit to consider with the benefit of the court's other guidance, that would be fine. Again, I think that this language at Pet App 9A. 9A, I've got that. I've got that note. Separately, there's been some discussion about the take-do-account-of language, and I'm certainly sympathetic to that point. But B2, the take-do-account-of-the-rule-of-prejudicial-error, it seems to be a given between the courts and both sides here that that means that the reviewing court will conduct a harmless error review. Yes, Your Honor. And it looks at the record, given what's not clearly erroneous. It takes those facts as given and then does a de novo legal analysis and decides whether the error, which is found, would have made a difference in the outcome of the case. Yes, Your Honor. And you're asking B1 to be interpreted in the same manner. Yes, for two reasons. They're subject to the same language, and two pieces of language are important. One is that Subsection B, unlike Subsection A, the Veterans Court is directed to make these determinations based on a review of the record of proceedings before the secretary and the board. That's a comprehensive review, as this court recognized in Sanders when addressing B2. And also, the words take-do-account, right? To take do-account of something, what account is due will depend on the thing being taken account of. In the prejudicial error context, it was, okay, let's do it the same way we do in the APA. Here, what are we dealing with? We're dealing with the secretary's application of Section 510C, a mandatory statute that binds the agency with not one but two shall commands. A reviewing court takes do-account of that by looking at whether the agency complied with its obligations. And the piece of that, the approximate balance piece of that, that sets out the standard of proof, reviewing courts look at the standard of proof as a matter of law. Are you just asking for another line in the opinion, saying our conclusions take do-account of what it's supposed to? And then that's because, I mean, your friend on the other side says that this really doesn't add anything. And you seem to be saying, no, they have to look at this and this. So what, I mean, I know you want a different result in this case, but in terms of the analysis, what are you looking for? Yeah, I don't think going from one rubber stamp to another system would be helpful here. We think that this is a meaningful analysis that the Veterans Court must perform. I'll give you an example of what the Veterans Court shouldn't be doing, which is at Pet App 43A in Mr. Thornton's case. Mr. Thornton, again, yes, he raised a benefit of the doubt challenge. But nonetheless, the Veterans Court said that the agency's conclusion, the outcome of the agency's approximate balance analysis is a factual finding. And because Mr. Thornton had said, I'm not challenging factual findings. I'm making a legal argument. The Veterans Court said, we don't have to do anything. Thus, he has not shown error in the board's application of Section 5107B. That certainly can't be right. Whatever precise level of deference or scrutiny that is appropriate to take into account of the Secretary's application of this statute, it has to be some meaningful review. And that's the purpose of the Veterans Court, right, is to superintend this one agency. If the Veterans Court is meaningfully looking at this benefit of the doubt rule, then we will get a developed law. What does approximate balance mean? How does it apply in different cases? We will get uniformity, which we don't have now. I would point the court to page 9 of the DAV amicus brief, where it talks about examples of veterans who served on Eglin Air Force Base where the government concedes it used toxic herbicides. You have veterans with identical records, some of them being given the benefit of the doubt and others not. That is the kind of legal error that the Veterans Court should be supervising and should be preventing by doing an actual meaningful review of the statute. It should be because you say Congress intended that. I mean, I understood from your argument that Congress came back and put B-1 into the statute, which suggests that it intended that it do some work, I would think. Yes, Your Honor, that it do some work. Congress putting it in subsection B, where it's something that applies in every case and isn't bound to the specific arguments that the parties raised and is based on a review of the record, is indicative of the importance of this issue. I think it also is important for the court to bear in mind the number of veterans who appear pro se, even at the Veterans Court. There were more than 1,100 of them last year alone. And certainly those veterans, they may not know to raise a specific articulation of a 5107B error, but they know something went wrong. And what Congress is telling the Veterans Court is, you have to look. It's the Veterans Court's obligation to take due account of the agency's compliance. Back to Justice Gorsuch's point, we do see parallel language between B-1 and B-2. So I just want to be clear that B-2 does have this sort of separate obligation. Is that right? By the court. In other words, B-2 doesn't require sort of a threshold analysis of legal error versus factual error or whatnot. Everyone agrees that when the statute says take due account, the court operates, as Justice Gorsuch suggests, to just determine whether there is a harmless error under these circumstances. Yes, and under the Federal Circuit's Tadlock ruling and others, that is a mandatory obligation on the court. Thank you. Thank you, Counsel. Justice Thomas? Justice Alito? Let me just pursue for a second the example that you gave earlier in your argument about a hypothetical case in which there are two experts who testify on the question of the linkage between the disability and service. And let's say, in that situation, the Veterans Administration finds that even giving the claimant the benefit of the doubt, the expert who says that there is no linkage is more persuasive, okay? Now, that finding would be dispositive of the claim for benefits, would it not? I don't mean to be difficult, but I would say it depends on the circumstances because the test is not, again, the test isn't equipoise and the test isn't, you know, has one person persuaded more than the other. It is an approximate balance. Right. They say taking into account the approximate balance, the approximate balance is not in favor of the claimant. It is against the claimant. All right? So that is a finding. And let's assume it's dispositive of the claim for benefits. And then there is a review in the Veterans Court. Is it your argument that the finding of fact as to which expert is more credible, subject to de novo review or clear error review? No, that aspect is subject to clear error review. And then what is subject to de novo review? The judgment of taking all of the evidence, right? It's rare that there's going to be just these two pieces of evidence and it's so clear how they balance out. Taking into account all of the lay and medical evidence relevant to the issue, was the evidence in approximate balance or did it persuasively favor one side or the other? Well, let's say that there is a finding of fact on every piece of evidence. And on all of these pieces of evidence, the finding of fact is that even giving the claimant the benefit of the doubt, the fact has not been proved. Then what is the standard of review before the Veterans Court? Although each of these findings is subject to clear error review, when you put it all together, that is a question of law that is subject to de novo review. Is that your argument? Yes, Your Honor. Why wouldn't that apply in every civil bench trial? The question of whether the judge erred in rejecting a particular civil claim, in your view, that's a question of law? If the challenge is not to any factual finding but just to the sufficiency of the evidence, that is a question of law. But it takes into account the findings on all of the subsidiary facts? Yes, and that's our view of how this works as well, Your Honor. Justice Sotomayor? The difference between B-1 and B-2. B-2 says, take due account of the rule of prejudicial error, and that's because the Secretary doesn't do that, correct? Correct, Your Honor. So it's only the Veterans Court that has to do that because it's the only one charged with doing it? Yes, Your Honor. So it has to apply it. But one says, take due account of the Secretary's application of Section 5107B. That's substantially different. It's asking them to review what someone else has done, correct? Yes, Your Honor. And so that may come to a different standard of review, correct? It could, and so we have to look further at what is the Secretary's application of 5107B. My point is only that B doesn't really tell us much. I don't think it answers the question, no, Your Honor. Justice Kagan? I just want to make sure I understand. Do you agree with the description of the benefit of the doubt rule that it's essentially just a change in the burden of proof, right? Usually a claimant comes in and he has to meet a 51% burden. And what the benefit of the doubt rule does is to say, no, if you meet 50%, you win, and maybe even a little bit more because it's an approximate balance. So maybe if you go 49%, you win. But that's what this rule is. It's just a shift in the burden of proof.  It's a different burden of proof, and I do want to be clear, it is not a 50% rule. It is not a preponderance rule. The Federal Circuit has rejected that. It is broader than that. Okay, so it's a – right. Like, even if you don't get up to 50%, maybe because we find that there's an approximate balance, you still win. But that's just another way of shifting the burden of proof. That's what this rule is. The burden remains on the claimant, but the level of the burden they have to – the threshold they have to meet is different. It sort of creates three zones, persuasively favoring the veteran. Veteran wins. Persuasively against the veteran. Veteran loses on that issue. And then this middle zone of approximate balance. So why isn't the way we usually do this? It's like usually in, like, a totally factual case where you have all these subsidiary factual findings, and then you have a question of whose facts weigh more heavily, whose facts are more credible. And we usually think about that as, like, was it clear error to find that the claimant didn't meet his 51% burden of proof? Now we just say, is it clear error to find that the plaintiff didn't meet his slightly less stringent burden of proof? But it's still clear error. I don't think so, Your Honor. Again, I think when you're judging the sufficiency of the evidence to meet whatever the applicable standard of proof is – I mean, this court's case in Reeves and Weissgram talks about that. And then, of course, in the criminal context of probable cause, it talks about that as an ultimate question of law. Okay. Thank you. Justice Gorsuch? Let me see if I've got it. And I may not, Ms. Boswick. So in a normal civil case, for example, we look at all on a reviewing court, we'll look at all of the facts in the light most favorable to the prevailing party below. Yes, Your Honor. We take those facts, and then we do a legal analysis to see if they're sufficient as a matter of law to support the verdict rendered. And we do that de novo. Yes, Your Honor. That's just what it is. Now, that standard is, could any reasonable juror come to this conclusion? But that's the legal standard we ask based on the evidence that's given. Yes. And you're here asking us, essentially, to say, take all the non-clearly erroneous facts and ask, was the Secretary's approximate, instead of a sufficiency line, whether the Secretary's determination that they were not in approximate balance is correct? Yes, Your Honor. And what's an approximate balance? Nobody knows. But that's what you were talking with Justice Kagan about. It's something less than 50%. The way the Federal Circuit has described it in the governing lynch opinion is whether the evidence persuasively favors one side or the other, or whether it's instead an approximate balance. And they have rejected the idea that proof by a preponderance for the government is enough to get you out of approximate balance. Okay. So to take your example of the two experts, let's say they're both super well qualified, and they both do a really good job. And one says service-related, the other says not. The agency favors the one that's not because he interviewed the claimant more recently in time or ran one more test. And that's not clearly erroneous because a clearly erroneous standard is very hard to meet. Yes, Your Honor. Right? It's basically, were they crazy in choosing this one fact over the other fact? And they were not crazy. So there's no clear error. But as a matter of law, you would say, as I understand your argument, that, hey, those are really pretty similar. And the Secretary's decision that it wasn't decisively in favor, I think is the language you used, or something like that, in favor of the government means that this standard has teeth and should be applied. Yes, Your Honor. Okay. And in the same way that the prejudicial error language works, we take all the non-clearly erroneous facts and say, okay, would this error have made any difference? Yes, Your Honor. All right. I think I got it. Thank you. Mrs. Cavanaugh? Two things. I assume you don't want us to accept the premise that clearly erroneous is the same as crazy as a general property. Correct, Your Honor. The way the Veterans Court has articulated it, is there a plausible basis? And second, can you quantify or try to quantify what approximate balance is? I think we're, in this case, not challenging the Lynch decision. And so it is just, have you persuasively favored one side or the other? Is that 35, 40, 45, 49? I think that's a question that this Court doesn't have to resolve in this case. What we do know is that it's more than 51, 49. It's broader than that difference. Thank you. Justice Barrett? Justice Jackson? So just a final point on this. You said a couple of times that this area is involving a unique standard. And what I took you to mean is that the approximate balance standard itself, the 5017B standard, is unique. But what you're asking of the courts, the rule that you would like to have applied here, is very similar to what courts do when they evaluate sufficiency of the evidence, as you had in the dialogue with Justice Gorsuch. Is that what you're saying? So you're asking for something new and different by the court with respect to the assessment here. We don't view it as new and different, correct, Your Honor. It's just that, you know, whereas in a Rule 50 context, for example, you might be looking at the sufficiency of the evidence through a preponderance standard. This is a different test, this approximate balance. But we're still doing the same, qualitatively same kind of review as a sufficiency of the evidence review. Analytically, we think it is the same, yes, Your Honor. Thank you. Thank you, Counsel. Mr. Drosche. Mr. Chief Justice, and may it please the Court, the Veterans Court does not apply 5107B itself. It takes due account of the Secretary's application of it, and it does so in making the determinations under Subsection A. Those textual clues point to standard principles of judicial review of agency action. That is, the Veterans Court reviews legal aspects of the Secretary's application of 5107B de novo and factual aspects deferentially here for clear error. The Secretary's determination that all the evidence in the record on a particular issue is or is not an approximate balance is itself factual or predominantly factual, and so should be reviewed for clear error. Now, what I heard my friends say this morning, and the reason petitioners resist that fairly obvious conclusion, I think, is because they observe that everything I just said could have been inferred from Subsection A itself. And so that leaves Subsection B-1 with no additional work to do. But when Congress enacted B-1 in 2002, it took what was implicit or just generally covered in A and made it explicit and specific. It put an exclamation point on it. That's not nothing. Think of the Tenth Amendment, for example. But even if you think that our interpretation renders B-1 largely redundant, it's still better than the alternative that petitioners offer you. Petitioners say that the approximate balance finding should be reviewed de novo, but that creates needless contradictions in the text. It conflicts with the express standard of review Congress supplied in A-4. It's in serious tension with the prohibition on trial de novo in Subsection C. It's a real divergence from standard principles of judicial review generally and judicial review of agency decisions more specifically. And it's even inconsistent with the way other factual issues under B-1 are reviewed, as my friend mentioned this morning, like the in-service connection or existence of a disability. If Congress intended that highly irregular result, I think the language in B-1 is an awfully cryptic way of going about it. So as between two interpretations, one that's sort of consistent, coherent, with a little bit of redundancy, and one that eliminates the redundancy at the cost of a statute at war with itself, I think you should pick the former over the latter. I'm sorry. I welcome the Court's questions. Well, in order for us to accept your argument, don't we have to accept that Congress passed a meaningless provision? I don't think so, Justice Thomas. So what work is it doing? So I just want to be clear. I'm willing to accept that it's redundant, but not that it does no work. It does work. It just does work that Subsection A generally you could infer also does. So it's doing duplicate work. It's not a nullity. So I know, you know, when there are statutory nullities, you should avoid those at all costs. What's the difference between a duplicate of work and a redundancy? Oh, no, there's no difference there. I'm drawing a distinction between that and a nullity where a statute says do X, but we say it actually has no effect. You don't have to do X. Well, no, that's very different, but I think Justice Thomas' question is if A does all the work, what does B do? Yeah, so I think— You say it's an exclamation point like the Tenth Amendment. I hope you don't think the Tenth Amendment is redundancy and a nullity. But put that aside. Well, so Justice Gorsuch, this court in New York against the United States said that the Tenth Amendment simply makes clear, and this is quoting Justice Story, simply makes clear what you would already do. It makes very clear what you do already. And the question is, is that what this does? Are you suggesting this only— I think so, and let me give you just a little bit of history that is recounted in, I think even in Petitioner's tale in the history they cite of the enactment. Veterans groups came to Congress, and they said, look, you have given us— they weren't identifying some gap in the statute. They were saying you gave us this lower standard of proof, whether it's 49, 50, 48, whatever it is, a lower standard of proof, but we're not getting the benefit of it, and the Veterans Court isn't holding the board to giving us the benefit of this thing. And so Congress, I think, reacted in a way you might expect when faced with that problem, not— Right, but you just said that they came to Congress saying that the Veterans Court isn't giving the benefit of the rule, and I'm just wondering, after the law passed, I think you're still saying the court doesn't have to do that. It just has clear error analysis. Well, so there are a couple things there. Let me first say, I think what the statute did was remind the Veterans Court of its preexisting obligation, and you see that in the case law. What obligation does it have? So the obligation is to—so let me give you an example, and I'm going to cite a couple cases in the Senate report, but Congress was thinking about these cases. So Congress identified two cases as exemplary of what the Veterans Court was doing that it didn't like, that it thought was not honoring the statute it had already passed. They're called—the two cases are called Ammons, I think, A-M-M-O-N-S, and Presley. And if you look at these cases, they rejected factual challenges by the claimants, and they rejected it for having no plausible basis in the record, and there's just no citation or mention of the— So that's clear error. They don't even mention— But that would fail on clear error standards, right? I'm sorry? Those examples would fail for lack of—that would be clearly erroneous factual findings, right? What I'm saying is that those cases found no clear error without any recognition that it's a clear error review against a standard of proof that is lower than a preponderance, right? Standards of proof and standards of review are two different things, and you can mix and match. There's no reason—you could have a high standard of proof, like clear and convincing, or a low one, like this one here, but you can mix and match with de novo or deferential review. There's no reason one compels the other. I want to go back before you get off it. What other examples do you have of Congress passing a law that doesn't do anything? So we cite a couple of cases in our brief involving statutes, Ogilvie and Kawashima. In Ogilvie, I don't want to delve too deep into it, but there was a statute that said damages in litigation about personal injuries are not taxable. You can exclude them from your income. And the question was, well, what about punitive damages? Because those aren't on account of your physical injury. They're on account of, you know, punishing the defendant or something. And the court said, no, punitive damages are excluded. You have to count those as income. And the argument was made on the other side, well, wait a minute. Congress had passed a subsequent amendment saying that punitive damages are excluded in personal injury cases for nonphysical injuries, so like mental injuries. And they said, well, that statute would be completely superfluous if punitive damages were not already included. And he said, well, it doesn't matter. We go with the reasonable tax. No, but that seems to me that there's a legal determination and that the law that you're talking about sort of pointed the court in the right direction. I mean, here, it was an eye-catching sentence in your brief for me when you said the amendment would serve a useful purpose even if it simply confirmed and emphasized a preexisting legal duty. Now, this is not part of a complicated law where they wanted to say, and we want you to do this. This was freestanding, right? It said this is what you get in the veterans groups making a fairly significant push to get this fixed from their point of view. And you say what they got was something that didn't do anything. I think it did have a good effect. So to finish my answer to Justice Gorsuch, I mentioned the Ammons and Presley cases which applied a clear error standard with no recognition that the standard of proof against which it was measuring the clear error was lower than a preponderance. But then shortly after the law was passed, there was a case. It's not discussed here, but it was discussed extensively in the federal circuit below in these cases, a case called Mariano from the Veterans Court where it just looks completely different. It's still applying clear error review, but it is actually reversing it. Why are you accepting the premise that it didn't do anything? It seems to me the way you're describing it, it did something important, which was describing the practice, at least in some cases by the Veterans Court, where they weren't separately analyzing it in light of the benefit of the doubt rule and telling the Veterans Court you need to take due account of the benefit of the doubt rule. That is accomplishing something. And, in fact, as you say, the proof's in the pudding, then, the Veterans Court, and they're doing that. That's exactly right. Doesn't it depend on what the complaint is? I'm sorry. Go ahead. So I guess I'm not sure why you should so easily accept the premise. It seems to me it accomplished something important. I agree completely. There are times I think Congress is free to pass a statute that reminds a court of its obligation. If it feels that the court is not currently fulfilling the obligation that already exists, it doesn't want to change the obligation. Congress didn't just pass the same words. Correct. But doesn't it depend on the complaint that's being made, though? I mean, that's why I think it's really important that we understand what the Veterans were complaining about to begin with. If the sum total of the complaint was that the Veterans Court was completely ignoring the benefit of the doubt rule, it never raised it, it didn't say anything about it, etc., then I suppose you could have an argument that a subsequent amendment that was designed to remind the Veterans Court that this obligation existed makes sense. But if the complaint was maybe there are times when a court is completely ignoring it, but what we really are worried about is that we're not actually getting it, that they're saying benefit of the doubt or whatever, but then when they're applying it, they are not actually giving us. They're not evaluating whether the evidence is in equipoise properly. When it is in equipoise, they're not giving it to us. In that circumstance, if that was the complaint, it seems odd that Congress would just come back and point to the benefit of the doubt rule as opposed to saying we need a court that's actually policing the extent to which the administration is giving people what we said in 5017. Right, Justice Jackson. So as I read it and as I read it as a petitioner's account of it, it was that it was not, they were not complaining that there was some gap in the statute. No, not gap. The gap in the statute would be we don't have the ability to bring this to the court's attention. We all agree that before, under the existing statute, under the existing circumstances, they could make a claim about the benefit of the doubt rule. The question is when Congress amended the statute to say something to the Veterans Court, weren't they, this is the other side's argument, weren't they saying what we need you to do is to make sure that the agency is actually applying this consistent with the law, and that's why it becomes, as Justice Gorsuch suggested, a legal question. Because just like the sufficiency of the evidence is a standard in the law, and we want to make sure that the evidence is sufficient, here Congress is saying you need to make sure, court, that when this comes to you, it's not just a deference to the agency, whatever they did with respect to benefit of the doubt, but you're actually making clear that they met the legal standard of giving the Veteran what they're entitled to under the statute. Okay, so there was a lot there, I would like to address all of the pieces of it. Let me just start with sufficiency of the evidence, because that's come up a lot in this morning's discussion. That is a deferential standard of review. Remember, a sufficiency of the evidence challenge has a reviewing court looking at the fact finder's application of a legal standard to the fact. Fact finder in sufficiency challenges would be the jury, right? But the reviewing court, in reviewing a sufficiency motion, doesn't ask, did the jury err in finding every element met beyond a reasonable doubt? Well, I understand, but isn't it a question of law? We evaluate it as a question of law, doesn't it? No, that's my point. It's a deferential standard. It doesn't ask if the jury erred. It doesn't even ask if the jury clearly erred. It asks, was the jury so out to lunch in finding each element met beyond a reasonable doubt, because, in fact, there is no reasonable juror on the face of the earth who could have found every element beyond a reasonable doubt. It's the most deferential standard of review I know. Sure, but it is a legal standard, though, isn't it? Just a second. Don't we take, when we do sufficient, I mean, maybe I'm just wrong. I'm to lunch, and I welcome being corrected. But I thought, when I used to do this a lot on the Court of Appeals, that I'd take all the facts in the light most favorable to the victor, those are the facts I've got to use, and then ask the legal question whether any reasonable juror could come to the conclusion this jury did. That's a legal question. It's a legal standard. Of course it is. Okay, that's all I've got. But it's a deferential standard. Oh, sure it is. Yeah. So that's all we're saying here, is the deferential standard is clear error. No, but the clear error goes to the facts. Yes. Right, so the deference is baked into the acceptance of the facts, but then once you have that bucket of non-clear error facts, you're making a legal determination as to whether or not it satisfies the standard. So there are multiple things going on here, but I agree that the approximate balance standard is a legal standard. Of course it is. And you apply it to all of these historical facts that have been found, the expert evidence, the lay evidence, the medical evidence. That's the application of a legal standard to the facts in the record. That is a classic mixed question of law. And so then the question is how do you review, how does a reviewing court review the fact finder's mixed question resolution? And the answer there, which has been given in case after case, Village of Lakeridge is probably a great example from a few terms ago, you ask does answering that mixed question entail primarily factual work or primarily legal work? And here it is clearly, I think, primarily factual. I mean, it says balance. That means assigning weights to different evidence and then putting them on the scales and seeing. Can I ask, Mr. Joshi, how would you describe what the reviewing court, how the reviewing court is supposed to take into account the benefit of the doubt rule in conducting its review? Sure. So, for example, a claimant raises an injury or says I suffer from PTSD and the board rules against him and says you don't actually suffer from PTSD. What the veterans court will do on appeal is say, all right, the standard of proof was lower than preponderance. And so we're going to ask did the board clearly err in finding, well, the first step I should back up. It's the secretary's application of 5107B. The first part of 5107B says the secretary has to take into account all the lay and medical evidence in the record. So the first thing the court should do is say, did the board actually take into account all the evidence? If not, that's a legal error. You can reverse. Then you say, okay, it did take into account. Is the board, based on all of the evidence in the record, is the board's conclusion that the claimant did not reach 48 or 49, is that clearly erroneous or not? So in the usual case where a claimant has a 51% standard, you would say, did the board clearly err in deciding that the plaintiff did not meet his 51% standard? Exactly. And in this case, you would ask the same question, except you would substitute for the 51% standard some lower standard, whatever it is, 45, 35, whatever it is. Exactly right. But you would ask the same question. Exactly right. And if I understand the difference between you and Ms. Bostwick, Ms. Bostwick says, look, she accepts that all the individual facts should be reviewed only for clear error, right? So that, like, any particular factual matter gets clear error review at any particular factual determination. But this ultimate balance and the ultimate determination of whether the weight of the evidence indicates that the plaintiff did or did not meet the standard is an entirely legal question. And the difference is you're saying it's not a legal question, that last bit, that that last bit is at most, it's either a pure factual question or it's the kind of mixed question that U.S. Bank was talking about when it talked about mixed questions that immerse courts in case-specific factual issues, compelling them to marshal and weigh evidence and make credibility judgments. Is that correct? Exactly right. That's our position, and that's what we view as the critical difference between the two sides. If that's the case, then what do we do about the fact that courts all the time do sufficiency of the evidence review de novo based on the record, again, in the light most favorable? And the next section of B2 is the same, works the same way, I think, on your understanding as well, that the court, in deciding whether there's harmless error, takes all the non-clearly erroneous facts and asks de novo whether as a matter of law it would have made any difference, the error, that is. So let me answer both pieces of that question, Justice Gorsuch. First, I want to push back on the premise that sufficiency is, it is a legal standard, but it is a deferential standard. I understand, but it's a legal standard, and harmless error is also a legal standard, isn't it? Correct, it is a legal standard, but the point is, the legal standard is applied to evaluate whether the fact finder erred in coming to some conclusion or not. Here the fact finder is the board, sufficiency would be the jury, but, and then as you go up further levels of appellate review, there's not cascading deference up the appellate chain. It's each reviewing court is reviewing the fact finder, and so I think colloquially we might say, oh, the Supreme Court reviews the Court of Appeals, sufficiency determination is de novo. Sure, we can say that, but colloquially you're applying a deferential standard to the fact finder. The second piece was on B2. I think I have two answers to that. Number one, what Justice Sotomayor said, which is that the court is applying prejudicial error. That's something only a court applies, and that's different from the Secretary's application of B1, which invokes principles of review of agency action, and so that's a difference. But I do think that, so we disagree with petitioners that the Federal Circuit thinks that the prejudicial error has to apply in every case. No, I know, but put that aside. We normally read statutes in pari materia, and B2, you agree, is a de novo legal standard the court has to apply when raised. Yes. Okay. Yeah, that's right. The approximate balance determination go only to the final conclusion, or does it go as well to subsidiary factual conclusions, just to make sure we're clear on that? I think it would do both. I think it would go to subsidiary as well. I think the statute says on any material issue, and one can imagine there are subsidiary material issues and ultimate ones, and I think that's the most consistent with cases like Anderson against Bessemer City, where this court said clear error review, for example, applies to both subsidiary and ultimate facts. Thank you. How big a deal is this? I mean, I can imagine there are not that many situations in which the evidence is truly in approximate balance. So even if the government's position is, you know, if we agreed with the petitioner here, is this going to be a big deal? I think it is going to be a big deal. I think the vast majority of cases that get appealed to the Veterans Court are raising essentially factual challenges, the findings that there's no present disability or no in-service connection or no causation between the two. Right, but the question that, yeah. Oh, sorry. So just to continue on that. So because of that, I think, as these cases illustrate, the Veterans Court is going to be reviewing the factual findings and thus has to take due account of the Secretary's application. But if it's a de novo review, that means that in every case, this appellate court, which is not well-situated to do it, the appellate court is going to have to, in every case, almost every case, review the entire record, assign weight, balance things, figure out if it's in approximate balance. Appellate courts are not well-suited to doing this, as Anderson against Bessemer City made clear. That's why there's a really strong norm in our system. Why did Congress clearly require the court to do it? This is the thing that's a little unfortunate, in a way, in the way that I think you're arguing it. Because even if we say Congress went back and underscored this obligation, the approximate balance obligation runs to the Secretary, right? And the underscoring is now to the court. So it's obvious that Congress wanted the court to have some assessment of whether or not the Secretary is doing it correctly. So I think you don't get out of that by just saying, oh, the court is not in well-positioned. Congress thought the court was going to do something, right? Yes, but Congress expressly had before it a proposal to change the standard of review and then rejected it and said, we're sticking with the clear error review. Yes, but Congress also had before it a proposal to put that into this new take-due account into A, which would have made clear that clear error review was supposed to be happening in this context, and it rejected it. So I disagree with that. I mean, look, it said in making the determinations under A, which put it in there. And just to spin that out a little bit more, Justice Jackson, if they had put it in A-4, I think it would have been an awkward fit there. Because, as we say, the benefit of the doubt rule does have some legal aspects to it. You know, for example, if you don't review all the evidence in the record, that's legal error. If the Secretary says it's not in approximate balance unless it's in absolute perfect equipoise, I think that would be a legal error. So Congress couldn't stick it just in A-4 because there are legal aspects to it. But nor could it put it as an A-5 because it's not something that happens after you go through A-1, 2, 3, 4, you know, compel agency action and lawfully withheld, et cetera. It's not like a separate thing you do. You do it in the course of reviewing statutory legal challenges, agency action withheld, factual findings. And so the natural place to put it is somewhere else. You see this in 706 of the APA. The prejudicial error rule is not stuck in 706. And so you don't think that the deference that you say Congress wanted to retain was in the assessment of what evidence is positive and negative. In other words, the approximate balance rule says when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter. And I could see a world in which the secretary's assessment of whether this evidence is material to this issue, is it, you know, credible, and therefore I'm going to count it as positive, is it credible on the negative side, all of those individual determinations, the court cannot review for anything other than clear error. But I thought you said earlier in this conversation, and maybe I misheard you, that you did think that approximate balance itself, once we know what the bucket of positive evidence and bucket of negative evidence is, is a question of law. I thought I heard you say it was a question of law. Approximate balance is a legal standard. And what it means is, of course, a legal question as to what it means. And whether or not it's satisfied. Whether it's satisfied is a classic mixed question.  It's a standard of proof that you apply to facts in a case. And the application of a statutory standard of proof to the facts and record evidence is a classic mixed question. And how you review a mixed question, this court has said time and again, depends on the nature of the mixed question. Does it involve primarily factual work or primarily legal work? And our submission here today is that applying an approximate balance. And the word balance itself implies weights and weighing things against the table. Yeah, but you've already taken care of the factual assessment. I have my bucket. I understand it involves facts because we're balancing facts. But we already have the bucket of positive and bucket of negative that the secretary has determined, and we're stuck with that. The question of whether or not they are roughly equal, I don't understand. I don't know why that is a factual question. Well, I mean, look, I think because we don't put actual weights with numbers on pieces of evidence and add it up. If we did, it would be a trivial exercise, right? It's always qualitative. And so at the end of the day, the board is just going to look at expert opinions like here, for example, in Mr. Bufkin's case. The board looked at the medical opinions in the record, and Mr. Bufkin had presented a medical opinion saying he suffered from PTSD. And then there were other medical evaluations that said he did not suffer. And the board looked at them and said, well, the regulations require any diagnosis of PTSD to conform with DSM-5. The one doctor who said he suffers from PTSD didn't apply DSM-5 at all. And, indeed, the next doctor who did apply DSM-5 and said he doesn't suffer from PTSD said the truth. Right, so those would not be credible. They wouldn't be in the bucket. And when the court did its assessment of whether there's approximate balance, it would say there's not. Right?  All I'm saying is approximate balance sounds to me like sufficiency of the evidence. And sufficiency, approximate, seems like a legal question, not a factual one. So you keep saying this is factual. The only factual part is deciding what facts go in to be weighed. But whether or not they're in balance seems to me to be a question of law. I disagree. I think what constitutes an approximate balance, how far away the scale should be, that's a legal question. But I think where are the scales in this particular case I think is predominantly factual. Thank you. And as I mentioned to Justice Kagan, I think that is the fundamental disagreement between the parties in this case. Thank you, Counsel. Justice Thomas, anything further? Justice Alito? I have a question. The Chief started with whether this was a redundant, duplicate, unimportant provision or not. It's pretty absolute. The language of the BOPDR review provision says the court shall review that issue. Yet you say, no, they don't really have to unless the party presents it. If I say, no, you're wrong, that doesn't make this provision superfluous, does it? That's correct. You don't want that outcome, but that's how to avoid making this provision superfluous, correct? That would avoid the redundancy, yes. And wouldn't that also take care of everything you said was wrong with the old system, which was, and I remember, that veterans are generally not represented. They're lay people. And recognizing that they may not be schooled enough to raise an issue on appeal, wouldn't this provision require the veterans court to ensure that the court below has actually done everything it needed to do, that it looked at all of the relevant facts and didn't commit the legal error of avoiding one, whether raised to it or not, and whether or not it committed clear error in its balance or not, et cetera? It would do a lot of work to ensure the system was actually taking care of the problem Congress solved, wouldn't it? It would do work, I don't think, if I could just now push back a little bit. I think it wasn't the problem that Congress was facing, first of all, and I think it can't be supported by the court. Well, the two cases you mentioned were the secretary not looking at things and the veterans court not looking at what they did. No, I disagree, and I apologize if that was the impression I gave you. I think the two cases that were mentioned were really the veterans court saying, we find no clear error in the board's finding of facts without mentioning or even recognizing that the standard of proof against which clear error was to be measured was lower than a preponderance. It was represented by the approximate balance. It wasn't looking at what went on below and figuring out if it was done. Right. No, we don't know. You could indulge the presumption of regularity and think the veterans court was cognizant of it, but to say, you know, you could, for example, with a given set of facts, it could always be possible to say that if the standard of proof were a preponderance, the fact finder would not have clearly erred in finding that the party with the burden did clearly err. Should we reach this issue? No, you shouldn't, because both of the petitioners here did raise it. My colleague on the other side in her presentation pointed out to one issue that Mr. Thornton allegedly did not raise. What do I do about that? I mean, again, I think the right standard, if you do want to reach it, would just be to say that the one presented language, which is a condition precedent on making determinations under A and making determinations under A. Wouldn't it be better for us to say that Congress acts, that it's okay for Congress to act in duplicate and make a provision totally useless? Not useless, just emphasizing something that already exists and is a practical matter. It did have an effect, so I think it worked. Justice Kagan? Justice Gorsuch? Do you think Congress adopted this language about the benefit of the doubt rule in both instances where it did, in recognition of the high esteem in which our nation holds those who have served in the armed services? Probably, yes. Justice Kagan? Justice Jackson? Thank you, counsel. Rebuttal, Ms. Bosswood? Section 7261B1 is not an exclamation point. It is an entirely new sentence placed in an entirely new statutory subprovision. It was not responding to the problem that my colleague on the other side has identified. As we've explained in our brief, the Veterans Court very much was reviewing benefit of the doubt errors when presented. This is not a case like Ogilvie where there was genuine uncertainty in the law. The problem was that the Veterans Court was being overly deferential when it reviewed. So I would point the court to the Wench case, which is also discussed in the legislative history as an example of what Congress didn't like. There, the court recognized that 5107B was the applicable standard. It said we can review for clear error, we can review reasons and bases, and we can't do anything else. That is the problem that Congress was addressing. And unfortunately, what the Veterans Court did is a year after the statute was passed in a case called Roberson in 2003, it looked at it, it said we don't think Congress made any change here, we don't think it altered the judicial landscape. And so this statute has never been given the effect that it was intended. So the idea that what Congress did worked, absolutely not, Your Honor. You see that in the Mariano case that the government mentioned. And there, too, the Veterans Court says this outcome is a factual determination. We review for clear error the same thing it had said in the Wench case that Congress rejected. And that's what's happening today. That's what happened in these cases. In Mr. Bufkin's case, they reviewed only the relative credibility judgments for clear error, did not look at approximate balance, even though, again, he raised the argument. And in Mr. Thornton's case, they said we're not even going to look at this. You say you're not challenging any facts. And so even though you said there was a benefit of the doubt problem, we're not going to look at it. Everyone agrees that at least some aspect of this review, this approximate balance review, is legal. That is reason enough why the Federal Circuit's decision is wrong, because the Federal Circuit held that the B-1 review is limited to clear error review under A-4. But we think that even the approximate balance test should be reviewed nondeferentially, exactly as Justice Jackson articulated it. I would point out that if you instead try to review the approximate balance judgment for clear error, the two things are just incompatible. Under Anderson, if there are two permissible views of the evidence, it cannot be clear error. That is exactly the opposite of what the benefit of the doubt rule is supposed to achieve. If there are two permissible views of the error, the veteran gets the benefit of the doubt there. If the court is inclined to view this as a mixed question, we think it is the kind that should be treated as a question of law. Among other reasons, we have an expert tribunal reviewing the full record and being competent to make these decisions, and we would be able to provide uniformity in the law here. If the court thinks it's too factual to call this de novo, at a minimum, I would say this statute, again, unique in an administrative review, at least requires the veterans court to take a hard look at what the agency has done with the benefit of the doubt rule and not be the kind of rubber stamp that was happening pre-2002 and that continues to happen today in these cases. The question was asked, how big of a deal is this? I'd say it's a big deal that the agency is still, today, not complying with its statutory obligation under Section 5107B, and that the veterans court is still, after multiple statutory attempts by Congress, not looking at and enforcing this important standard of review. As to an example of how this is failing, counsel said that Mr. Buskin had one positive opinion on the PTSD diagnosis. That's incorrect. He had two, and that's part of the problem with the board's decision and the kind of error that the veterans court should be looking at is whether the agency actually considered all of the evidence relevant to that question. We would ask the court to reverse the federal circuit. Thank you, counsel. The case is submitted.